Ross *et al. vs.* Saulsbury, Respess & Company.

---

J. B. Ross *et al.,* plaintiffs in error, *vs.* Saulsbury, Respess & Company, defendants in error.

1. If one accept a draft, having no funds of the drawer, and the payee indorse the draft before acceptance, with the distinct understanding with the acceptor that the acceptance is on the faith of the indorsement, and the acceptor have the bill to pay, he may recover of the drawer and indorser as principal and security, for money paid out and

Ross *et al. vs.* Saulsbury, Respess & Company.

expended, and under our law they are joint promissors, and may be sued in the county of the drawer, though the indorser lives in a different county.

2. Where A drew a draft in favor of B on C, factor and commission merchant, undertaking, in the draft, to deliver to the factor his cotton crop in time to be sold, so that the proceeds might be applied to the draft at its maturity, and the payee, to induce the factor to accept, indorsed the draft, with intent to hold the factor harmless, and A delivered his crop accordingly, but the factor permitted him to sell thirteen of the bales for other purposes, and applied the balance to the payment of debts due by A to him of a previous date to the indorsed draft, which debts were evidenced by acceptances by the factor of other and previous drafts of the same character by A on the factor, and which the factor had accepted and paid, and which exceeded in amount the value of all the cotton of A :

*Held*, that the draft drawn in favor of B, and indorsed by him, was an *appropriation of the proceeds* of the cotton afterwards delivered to the payment of the same, and the indorser, B, would only be liable as surety to C, if he or his agent had notice that *the previous drafts of A,* accepted by C, had in them the like appropriation, and it was error in the court to charge the jury that it made no difference whether B or his agent had such notice or not.

Acceptance. Indorsement. Bill of exchange. Principal and security. Venue. Jurisdiction. Appropriation of payments. Before Judge HILL. Twiggs Superior Court. October Adjourned Term, 1873.

Saulsbury, Respess & Company brought assumpsit against Frederick D. Wimberly, of the county of Twiggs, and J. B. Ross & S. T. Coleman, of the county of Bibb, for $1,680 78, principal, $3 25, protest and stamp fees, besides interest, and $200 00, counsel fees, making this case :

On June 1st, the said Frederick D. drew on the plaintiffs the following bill of exchange:

"$1,680 78.                    MACON, GEORGIA, June 1st, 1871.

"On the 10th day November next, please pay to the order of J. B. Ross & S. T. Coleman sixteen hundred and eighty dollars and seventy-eight cents, for value received in provisions, as an advance on my present growing crop of cotton, all of which I hereby promise to deliver to you, at your ware-

house, in time to be sold, so that the proceeds may be applied at its maturity to the payment of this draft, binding also hereby my crop of corn, and my stock of all kinds, for the full and punctual performance of the above obligation, and the payment of all costs and counsel fees incurred in the premises, and giving you hereby full and legal control of the same, with power to transfer this lien.

(Signed) "F. D. WIMBERLY, Jr.,
"*To Messrs. Saulsbury, Respess & Company, Macon, Georgia.*

"Indorsed: J. B. Ross & S. T. Coleman."

Whereupon, the said Ross & Coleman, on the day and year first aforesaid, stated to the plaintiffs that said draft was drawn for the purpose of paying to them the amount of Wimberly's indebtedness, and that if the plaintiffs would accept the same, they would indorse said instrument to protect them from loss on said acceptance. Said Ross & Coleman accordingly indorsed and the plaintiffs accepted. Subsequently, when said draft became due, on notice of protest to them, said plaintiffs paid it off. Said Wimberly failed to comply with his obligations in said instrument contained as to delivery to them of his cotton, etc. At no time from the date of said draft to the present moment, has said Wimberly, or said Ross & Coleman, had any funds in the hands of the plaintiffs to meet the same. Plaintiffs accepted said draft and paid it purely for the accommodation of said Wimberly and Ross & Coleman. Wherefore, said defendants became liable, etc.

To this defendants, Ross & Coleman, Wimberly not litigating, pleaded:

1st. That subsequent to their indorsement, and before the commencement of this suit, plaintiffs, without the knowledge or consent of Ross & Coleman, agreed with and permitted Frederick D. Wimberly to appropriate to his own use, or for other purposes than those stipulated and agreed in said draft, sixteen bales of cotton of the crop of 1871, and embraced in said draft, which indulgence was to the injury of Ross & Coleman, indorsers, and discharged them of all liability.

2d. That they indorsed said instrument because said Wimberly had, in said draft, covenanted and agreed to deliver to plaintiffs, if they would accept for him to the amount of said draft, *all* of his then growing crop of cotton, in time to be applied to the payment of said draft, and that without the knowledge or consent of said Ross & Coleman, plaintiffs released Wimberly from his undertaking, by reason of which release and indulgence Ross & Coleman, indorsers, are discharged of all liability as such.

3d. That they are not liable to plaintiffs, because they were only sureties for the said Wimberly by their said indorsement, which fact was known to plaintiffs; and that subsequent to the making of said note, and after the indorsement, plaintiffs agreed with and permitted Wimberly, without the consent or knowledge of Ross & Coleman, to appropriate to his own use, and for other purposes than stipulated in said draft, ten or sixteen bales of cotton of the crop of 1871, embraced in said draft, which said act of plaintiffs increased the risk of Ross & Coleman, and exposed them to greater liability than they had assumed.

The plaintiffs established substantially the case made by their declaration. The defendants showed that Wimberly delivered to the plaintiffs twenty-five bales of his crop of 1871; that said plaintiffs, without the knowledge or consent of defendants, gave said Wimberly permission to use thirteen bales of this crop, of the value of $900 00, for his own use; that the twenty-five bales were sold and appropriated to other lien drafts of said Wimberly maturing before the one which is the subject matter of this suit, leaving a considerable amount of said prior indebtedness unpaid; that if said thirteen bales had also been applied to said draft, there would have remained a considerable balance due, say $1,037 58, which would have to be met before settling the instrument in controversy; that all of said drafts were in substantially the same form as the one sued on.

Much additional testimony was introduced, considered im-

material here. The errors complained of will appear in the portion of the motion for new trial reported.

The jury found for the plaintiffs $1,680 78, with interest. The defendants moved for a new trial upon the following, among other grounds, to-wit:

1st. Because there was no such privity between Wimberly and Ross & Coleman as to authorize the latter to be sued out of the county of their residence, and in the same action with the former.

2d. Because the court erred in refusing to charge the jury as follows: "If the jury, from the evidence, find that J. B. Ross & S. T. Coleman placed their names on the back of the draft sued on, as indorsers, and that plaintiffs accepted them as security for F. D. Wimberly, Jr., and that such was the understanding of all the parties, and that Saulsbury, Respess & Company had property (cotton crop of 1871,) pledged or mortgaged to them in the draft sued on, as security for said debt, at the time of said indorsement, then Saulsbury, Respess & Company were bound to keep the said cotton so pledged or mortgaged for the benefit of Ross & Coleman as well as themselves, and if they surrendered the cotton without the knowledge or consent of Ross & Coleman, they, the plaintiffs, lose their claim against the sureties, Ross & Coleman, to the amount of the property given up, and the jury should so find. That if the jury, from the evidence, believe that the contract of J. B. Ross & S. T. Coleman is that of sureties, and that Saulsbury, Respess & Company, without the consent of Ross & Coleman, released any of the cotton embraced in this draft, and pledged for the payment thereof, and thereby increased their risk or exposed them to greater liability, then Ross & Coleman are not liable, and the jury should so find." Given with qualification, if the cotton so released would more than pay Saulsbury, Respess & Company's previous acceptances then due them, Ross & Coleman would be damaged to the extent of such overplus, and should be allowed a credit therefor by the jury.

3d. Because the court erred in charging the jury as follows: "That if Saulsbury, Respess & Company had accepted

prior drafts of Wimberly to be paid out of the crop of 1871, which became due before the acceptance for Ross & Coleman, they had the right to appropriate the cotton to those drafts, whether Ross & Coleman had knowledge of such prior acceptance or not, and Ross & Coleman are not damaged."

4th. Because the court erred in charging the jury as follows: "That if Saulsbury, Respess & Company consented that Wimberly might fail to deliver or otherwise dispose of the cotton of 1871, if the amount thus disposed of was not sufficient to pay off Saulsbury, Respess & Company's previous acceptances, then Ross & Coleman were not damaged, and they cannot complain."

The motion was overruled, and defendants excepted.

BLOUNT & HARDEMAN; WHITTLE & GUSTIN, for plaintiffs in error.

POE, HALL & LOFTON, for defendants.

McCAY, Judge.

1. This acceptance appears to have been for the accommodation of both the drawer and indorser. Indeed, under the proof, that was the distinct understanding. The action is not on the paper, but for the money paid, and the draft is the inducement. Under the evidence both these parties are liable to the acceptors for money paid to their use, the one as principal, and the other as security. They are liable jointly, and under the constitution, as joint promissors.

2. We think the liability of the defendants below—the indorsers—depended on whether or not they had notice that the previous drafts, which absorbed the whole fund, were secured by the pledge of the same crop as the draft indorsed. If they did have this notice they cannot complain, as they were not hurt, either by the release or appropriation of the cotton to those previous drafts. The indorsed draft appropriated the cotton. If the plaintiffs stood by and saw this appropriation made without notice that they had a previous

claim upon it, they ought not to be allowed now to set it up; it would be a fraud on the indorser—the security. But if the security knew he was taking a pledge upon property already pledged, he has no right to complain if the prior appropriation has absorbed or would absorb it all. We think a new trial ought to be had in which this issue should fairly go to the jury under the evidence the parties may be able to produce. The judge was in error in saying notice was not material.

Judgment reversed.